## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOMASA GABRIELLA BOLANOS-REYNOSO | ) | |
| | ) | |
| Address: | ) | |
| 14371 Summer Tree Road | ) | |
| Apt. C | ) | |
| Centreville, VA 20121 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION _____ |
| THOMAS J. VILSACK, | ) | |
| Secretary, U.S. Department of | ) | |
| Agriculture | ) | |
| | ) | |
| Address: | ) | |
| United States Dept. of Agriculture | ) | |
| 1400 Independence Ave. SW | ) | |
| Washington, DC 20250 | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMAND |
| | ) | |

## **COMPLAINT**

Plaintiff Tomasa Gabriella Bolanos-Reynoso ("Plaintiff" or "Ms. Bolanos-Reynoso"), by

counsel, against Thomas J. Vilsack, Secretary, U.S. Department of Agriculture ("Defendant" or

"USDA"), states as follows:

1.      This is an action for damages under Title VII of the Civil Rights Act of 1964,

stemming from Defendant's discriminatory harassment of Ms. Bolanos-Reynoso resulting in a

hostile work environment on the basis of her race (Hispanic), national origin (Mexico), and

physical disability. Ms. Bolanos-Reynoso further brings a claim against the USDA for reprisal following her previous protected Equal Employment Opportunity ("EEO") activity.

## PARTIES AND RELEVANT NON-PARTIES

2.     Ms. Bolanos-Reynoso is an adult citizen who resides in Alexandria, Virginia.

3.      Ms. Bolanos-Reynoso is a member of a protected class based on race (Hispanic), national origin (Mexico), and physical disability (chronic neck and back pain, carpal tunnel syndrome, and sciatica).

4.     Defendant is the Secretary for the United States Department of Agriculture ("USDA") and has been sued in his official capacity.

5.     Winona Scott ("Ms. Scott")  served as the Acting Deputy Assistant Director for Civil Rights within the USDA's Office of the Assistant Secretary for Civil Rights ("OASCR") and was Ms. Bolanos-Reynoso's direct supervisor from October 31, 2016, until approximately October 29, 2017.

6.     David King ("Mr. King") served as the Acting Associate Assistant Secretary for Civil Rights within the USDA and became Ms. Bolanos-Reynoso's direct supervisor on or about October 30, 2017.

## JURISDICTION, VENUE, AND TIMELINESS

7.     This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under a federal statute.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events described in this action took place within this judicial district.

9.     The claims pled herein arise from two EEO Complaints submitted by Ms. Bolanos-Reynoso, CCD-CF-2018-00085 and CCD-CF-2019-01119. Both complaints were accepted for investigation on August 19, 2019.

10.     The EEO accepted the following for investigation: Whether the USDA subjected Ms. Bolanos-Reynoso to discriminatory harassment resulting in a hostile work environment on the basis of her race (Hispanic), national origin (Mexico), physical disability, or retaliation when:

a.  Since October 31, 2016 and ongoing, USDA did not allow Ms. Bolanos-Reynoso to carry out the functions of her office;

b.  From April 26, 2017 through September 6, 2017, USDA did not allow Ms. Bolanos-Reynoso to participate in Continuous Process Improvement project(s);

c.  On September 15, 2017, Ms. Bolanos-Reynoso's supervisor refused to sign her questionnaire for an Office of Personnel Management ("OPM") Desk Audit;

d.  From April 15, 2017 through October 30, 2017, Ms. Bolanos-Reynoso's supervisor refused to meet with her;

e.  On October 30, 2017, Ms. Bolanos-Reynoso received an "Unacceptable" on her FY 2017 Performance Appraisal and was placed on a Performance Improvement Plan ("PIP");

f.  On November 6, 2017, Ms. Bolanos-Reynoso did not receive a paycheck;

g.  On November 14, 2017, USDA did not approve her annual leave request in a timely manner;

h.  USDA denied Ms. Bolanos-Reynoso training, mentoring and coaching;

i.  On or about May 13, 2018, USDA downgraded Ms. Bolanos-Reynoso's position and failed to provide a proper position description;

j.  USDA management delayed Ms. Bolanos-Reynoso's paychecks on two instances and denied her two time-in-grade salary increases and two performance bonuses;

k.  USDA management threatened to remove her Secret security clearance level and prohibited Ms. Bolanos-Reynoso from accessing buildings, systems, and her own personal items;

l.  On March 14, 2019, USDA placed Ms. Bolanos-Reynoso on administrative leave and reinstated the Proposed Removal initially issued on April 4, 2018 with an effective date of March 20, 2019;

m.  On or around July 29, 2019, Management returned Ms. Bolanos-Reynoso's personal belongings from her former office in OFCO but failed to return her reasonable accommodation equipment along with files containing her Personally Identifying Information ("PII"); and

n.  On or around October 9, 2019, USDA informed Ms. Bolanos-Reynoso that her security clearance had been terminated.

11.  In addition, the EEO accepted for investigation Ms. Bolanos-Reynoso's claim that USDA subjected her to discriminatory harassment resulting in a hostile work environment based on her race, national origin, physical disability, and retaliation when the Agency denied her reasonable accommodation beginning in November 16, 2016 and ongoing thereafter.

12.  The Agency investigated these claims and issued its Final Agency Decision ("FAD") on June 18, 2024.

13.  Per the terms of the FAD, Ms. Bolanos-Reynoso brings this action within ninety days of the issuance of the FAD. This ninety-day period runs through September 16, 2024.

14.  As such, Ms. Bolanos-Reynoso's complaint is timely filed.

## FACTS

*Background*

15.     Ms. Bolanos-Reynoso is of Mexican national origin and identifies as Hispanic.

16.     Ms. Bolanos-Reynoso is a qualified individual with a disability pursuant to the Rehabilitation Act due to her chronic neck and back pain, carpal tunnel syndrome, and sciatica.

17.     Ms. Bolanos-Reynoso's chronic pain interferes with her major life activities, including walking and standing.

18.     Ms. Bolanos-Reynoso has worked in the federal civil service for seventeen years, eight of which have been spent at the USDA.

19.     Prior to 2016, Ms. Bolanos-Reynoso never received a performance rating below the "Outstanding" or "Superior" level.

20.     She has received multiple awards and accolades for her work, including an Award for Excellence from the President's Council on Integrity and Efficiency related to an audit of a Boeing Tanker Aircraft.

21.     On October 31, 2017, Ms. Bolanos-Reynoso engaged in protected activity when she requested pre-complaint counseling in Case No. CCD-CF-2018-00085. The claims stated in this case, consolidated with Case No. CCD-CF-2019-0119 (filed on September 13, 2019), form the basis of the instant Complaint.

*October 2016 – November 2017: USDA Refused to Let Ms. Bolanos-Reynoso Carry Out the Functions of Her Position.*

22.     Ms. Bolanos-Reynoso was hired into OASCR on October 31, 2016 as a Supervisory Program Specialist/Director, Program Planning and Accountability Division, GS-0301-15, Office of the Assistant Secretary for Civil Rights.

23.     Ms. Bolanos-Reynoso's first-line supervisor from the time of her hiring into OASCR until November 2017 was Winona Scott ("Scott").

24.     Mr. Bolanos-Reynoso's peers in her position were:

a.  Kirk Perry, Adjudication Director (African American, American);

b.  Donna Marshall, Director of Employee Investigations Division (African American, American);

c.  Candace Datcher, Conflict and Complaints Division Director (African American, American); and

d.  Shawn McGruder, Director of Adjudication and Compliance (African American, American).

25.     Ms. Bolanos-Reynoso did not receive an orientation regarding the functions of OASCR at the time of her hiring.

26.     Ms. Bolanos-Reynoso did not receive any documentation of her performance standards at the time of her hiring.

27.     These performance standards were not provided to Ms. Bolanos-Reynoso until February 6, 2017.

28.     Scott would not allow Ms. Bolanos-Reynoso to complete procurement tasks, coordinate with external agencies, address compliance issues, or manage data without her direct supervision and approval.

29.     Because Ms. Bolanos-Reynoso was not allowed to act without Scott's involvement and approval, she was prevented from performing the essential functions of her job.

30.     Ms. Bolanos-Reynoso's peers, identified above, were outside of Ms. Bolanos-Reynoso's protected classes based on their race and national origin and did not face similar restrictions on their ability to act from Scott.

31.     Scott refused to support Ms. Bolanos-Reynoso and frequently undermined her authority at staff meetings in front of the individuals Ms. Bolanos-Reynoso supervised.

32.     Scott shouted at Ms. Bolanos-Reynoso and mocked her accent, which Ms. Bolanos-Reynoso found humiliating.

***November 2016 – March 2019: USDA Denied Ms. Bolanos-Reynoso Reasonable Accommodation.***

33.     On November 16, 2016, Ms. Bolanos-Reynoso informed Scott she would need a mouse, keyboard, keyboard tray, and stand-up desk as a reasonable accommodation for her chronic back, neck, and hip pain.

34.     Scott told Ms. Bolanos-Reynoso there was "no money" for her to receive a standing desk as a reasonable accommodation for her disability.

35.     On November 10, 2017, Ms. Bolanos-Reynoso's treating physician ordered that she undergo an ergonomic assessment.

36.     Scott denied Ms. Bolanos-Reynoso's request to complete the ergonomic assessment.

37.     Scott never fulfilled Ms. Bolanos-Reynoso's accommodation request, as she did not receive a standing desk or fully functional keyboard until September 2019, after Ms. Bolanos-Reynoso began reporting to a different supervisor.

***April 2017 – September 2017: USDA Did Not Allow Ms. Bolanos-Reynoso to Participate in
Continuous Process Improvement Project(s); Refused to Meet with Her; and Refused to Sign
Her Questionnaire for an OPM Desk Audit.***

38.     Beginning in April 2017, Scott prevented Ms. Bolanos-Reynoso from attending

meetings related to a 180-Day Initiative led by a Lean Six Sigma consultant, even though her

fellow Division Directors — all outside of her protected classes based on their race and national

origin — were permitted to attend.

39.     Ms. Bolanos-Reynoso was either not allowed to provide feedback on the

Agency's Continuous Process Improvement Projects, or, on the brief occasions when she was

allowed to provide feedback, her comments were ignored by the Agency.

40.     Scott regularly met with other OASCR Division Directors, and met with all other

OASCR Division Directors individually for check-ins on a bi-weekly basis.

41.     Scott refused, on more than one occasion, to meet with Ms. Bolanos-Reynoso,

and her bi-weekly check-ins with Ms. Bolanos-Reynoso tapered off before they ceased

altogether.

42.     Ms. Scott ordered OPM desk audits for selected positions under her supervision

as part of a planned reorganization, including an audit of Ms. Bolanos-Reynoso's role and

function.

43.     On September 15, 2017, Scott refused to sign Ms. Bolanos-Reynoso's completed

questionnaire.

44.     Scott referred to Ms. Bolanos-Reynoso's questionnaire response as a "bunch of

lies."

45.     The results of the desk audit, which did not include Ms. Bolanos-Reynoso's input,

resulted in Ms. Bolanos-Reynoso's position level being downgraded from GS-15 to GS-14.

***October 2017: USDA Issued Ms. Bolanos-Reynoso an Unwarranted Performance Appraisal Rating of "Unacceptable"; Placed Her on a Performance Improvement Plan; and Denied Her 2017 Within-Grade Increase and Performance Bonus.***

46.    Ms. Bolanos-Reynoso received the results of her Fiscal Year ("FY") 2017 Performance Appraisal on October 20, 2017.

47.    Both Scott and David King (African American, American) — the individual who was to assume the position of Ms. Bolanos-Reynoso's supervisor in November 2017 — provided input into Ms. Bolanos-Reynoso's performance appraisal.

48.    Scott and King rated Ms. Bolanos-Reynoso's performance as "Unacceptable."

49.    Scott had not given Ms. Bolanos-Reynoso a mid-year evaluation for FY 2017, and Ms. Bolanos-Reynoso had no prior indication or feedback that her performance had been deficient.

50.    Ms. Bolanos-Reynoso was denied a within-grade increase for FY 2017.

51.    Ms. Bolanos-Reynoso did not receive a performance bonus for FY 2017.

52.    Following her FY 2017 Performance Appraisal, King — with input from Scott — placed Ms. Bolanos-Reynoso on a Performance Improvement Plan ("PIP").

***November 2017: USDA Failed to Timely Issue Ms. Bolanos-Reynoso's Paychecks and Failed to Timely Respond to Her Request for Annual Leave.***

53.    Scott failed to timely approve Ms. Bolanos-Reynoso's timesheet for the pay period ending on October 28, 2017, resulting in a two-week delay in Ms. Bolanos-Reynoso's paycheck for this period.

54.    In October 2017, Ms. Bolanos-Reynoso told Scott that she would need to take time off in November 2017 to attend her niece's wedding.

55.     Ms. Bolanos-Reynoso then submitted her annual leave request to Scott on November 14, 2017.

56.     King eventually approved Ms. Bolanos-Reynoso's annual leave request on November 27, 2017—three days before Ms. Bolanos-Reynoso was scheduled to travel.

57.     Scott's delayed approval of Ms. Bolanos-Reynoso's leave request forced her to make last-minute travel plans at greater expense than she otherwise would have incurred.

***October 2017 – February 2018: Ms. Bolanos-Reynoso Engaged in Protected EEO Activity.***

58.     Ms. Bolanos-Reynoso contacted an EEO Counselor to report discrimination and harassment based on her race, national, origin, and disability on October 31, 2017 and filed a formal complaint based on these issues on February 13, 2018.

***April 2018 – March 2019: USDA's Discriminatory and Retaliatory Treatment of Ms. Bolanos-Reynoso Continued Following Her Reassignment to the Office of the Chief Financial Officer.***

59.     In April 2018, as part of a settlement agreement arising after USDA issued Ms. Bolanos-Reynoso a Notice of Proposed Removal, Ms. Bolanos-Reynoso began working as a Senior Program Analyst, GS-0343-14, for the Policy and Planning Division of the Internal Control Division, Office of the Chief Financial Officer ("OFCO").[1]

60.     Annie Walker (African American, American), Director, Internal Control Division, Office of the Chief Financial Officer served as Ms. Bolanos-Reynoso's supervisor upon her reassignment to OFCO.

---

[1] The contents of the notice of proposed removal are the subject of a separate complaint and are thus not before the Court in this action.

61.     Walker learned of Ms. Bolanos-Reynoso's prior EEO activity several weeks after Ms. Bolanos-Reynoso began working in the division.

62.     On June 29, 2018, the Office of the Chief Financial Officer submitted a request to remove Ms. Bolanos-Reynoso's Secret security clearance.

63.     In July 2018, Ms. Bolanos-Reynoso received an email which provided she would be debriefed and her security clearance terminated.

64.     On May 18, 2019, USDA terminated Ms. Bolanos-Reynoso's Secret security clearance.

65.     Walker denied Ms. Bolanos-Reynoso a within-grade increase for FY 2018.

66.     Walker denied Ms. Bolanos-Reynoso a performance bonus for FY 2018.

**March 2019: USDA Placed Ms. Bolanos-Reynoso on Administrative Leave and Reinstated Its Proposed Removal of Her from Employment.**

67.     On March 17, 2019, USDA returned Ms. Bolanos-Reynoso to her official position of record, Supervisory Program Specialist, Office of Adjudication and Compliance, Program Planning and Accountability Division, as a result of a decision by the EEOC Office of Operations, Case No. USDA-CCD-CF-2018-00569.

68.     The above decision ordered a reinstatement of the previous notice of proposed removal dated April 4, 2018.

69.     On March 19, 2019, during the pendency of the proposed removal and return to her position of record, USDA placed Ms. Bolanos-Reynoso on administrative leave.

**July 2019: USDA Did Not Return the Entirety of Ms. Bolanos-Reynoso's Personal Belongings, Including Her Reasonable Accommodation Equipment and Files Containing Personally Identifying Information.**

70.     The Agency did not allow Ms. Bolanos-Reynoso adequate time to gather her belongings, some of which contained personally identifiable information, prior to being asked to leave the premises due to her leave.

71.     On July 18, 2019, Agency employee Matt Green contacted Ms. Bolanos-Reynoso and told her she could pick up her belongings at 3:00 p.m. that day.

72.     Ms. Bolanos-Reynoso was not able to make arrangements to pick up her belongings at that date and time on such short notice.

73.     On July 29, 2019, Ms. Bolanos-Reynoso met Green at the office to pick up her belongings.

74.     Later that evening, Ms. Bolanos-Reynoso discovered two folders containing her personally identifying information were not included with her belongings.

75.     Upon information and belief, Kate Baun retrieved Ms. Bolanos-Reynoso's belongings, including her PII, from the USDA's Employee Relations office and delivered them to the OASCR Chief of Staff, in whose custody the belongings remained for several months.

76.     The paycheck the Agency issued Ms. Bolanos-Reynoso on April 22, 2019, while she was on administrative leave, failed to compensate Ms. Bolanos-Reynoso the full compensation due to her for the pay period.

## COUNT I
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

77.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

78.     By and through the actions set forth above, Defendant discriminated against Ms. Bolanos-Reynoso based on her race, Hispanic.

79.     As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso was denied raises, merit bonuses, and other employment compensation.

80.     As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso has suffered emotional and mental distress, anguish, and indignation, and is thereby entitled to general and compensatory damages in an amount to be proven at trial.

## COUNT II
### National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

81.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

82.     By and through the actions set forth above, Defendant discriminated against Ms. Bolanos-Reynoso based on her national origin, Mexican.

83.     As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso was denied raises, merit bonuses, and other employment compensation.

84.     As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso has suffered emotional and mental distress, anguish, and indignation, and is thereby entitled to general and compensatory damages in an amount to be proven at trial.

## COUNT III
### Reprisal in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

85.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

86.     Altogether, Ms. Bolanos has filed four EEO complaints against the Agency.

87.     Ms. Bolanos-Reynoso first requested pre-complaint counseling with the EEO office on October 31, 2017.

88.     Due to the ongoing nature of the investigation into Ms. Bolanos-Reynoso's complaints, the Agency was aware of her EEO activity following this first interview.

89.     By and through the actions set forth above, Defendant reprised against Ms. Bolanos-Reynoso due to her previous EEO activity.

90.     As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso was denied raises, merit bonuses, and other employment compensation.

91.     As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso has suffered emotional and mental distress, anguish, and indignation, and is thereby entitled to general and compensatory damages in an amount to be proven at trial.


**COUNT IV**
**Disability Discrimination/Failure to Accommodate in Violation of Section 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.***

92.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

93.     By and through the actions set forth above, Defendant violated Ms. Bolanos-Reynoso's right to a reasonable accommodation of her disabilities.

94.     Ms. Bolanos-Reynoso is a qualified individual with a disability, specifically, chronic neck, back, and hip pain.

95.     Ms. Bolanos-Reynoso made an accommodation request consistent with the requirements of the Rehab Act.

96.     Ms. Bolanos-Reynoso, at all relevant times, was able to perform the essential functions of her position with reasonable accommodation.

97.     The accommodations requested by Ms. Bolanos-Reynoso were reasonable, because it was both feasible and plausible that the USDA could provide her with the standing desk, keyboard, and keyboard tray she required to complete her work.

98.     It would not have caused an undue burden on the Agency to grant Ms. Bolanos-Reynoso's requested accommodation equipment.

99.     Defendant's failure to accommodate Ms. Bolanos-Reynoso amounts to discrimination against her on the basis of her disability.

100.    As a direct and proximate result of Defendant's actions, Ms. Bolanos-Reynoso has suffered emotional and mental distress, anguish, and indignation, and is thereby entitled to general and compensatory damages in an amount to be proven at trial.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tomasa Gabriella Bolanos-Reynoso requests that this Court enter judgment in her favor and further:

(a) Award Plaintiff economic damages in an amount that can only be determined in discovery; and in addition,

(b) Award Plaintiff compensatory damages in an amount that can only be determined in discovery; and in addition,

(c) Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition,

(d) Award Plaintiff such other and further relief as may be appropriate.

15

## <u>JURY DEMAND</u>

**Plaintiff Tomasa Gabriella Bolanos-Reynoso demands a trial by jury.**


Dated:          September 16, 2024                Respectfully,


                                                          _____/s/ Joshua Erlich_____
                                                          Joshua Erlich, DC Bar No. 1011008
                                                          Katherine L. Herrmann, DC Bar No. 1034189
                                                          THE ERLICH LAW OFFICE, PLLC
                                                          1550 Wilson Blvd., Ste. 700
                                                          Arlington, VA  22201
                                                          Tel:     (703) 791-9087
                                                          Fax:     (703) 722-8114
                                                          Email: jerlich@erlichlawoffice.com
                                                                      kherrmann@erlichlawoffice.com